BLANK ROME LLP
Howard M. Knee (SBN 55048)
howard.knee@blankrome.com
Nicole N. Wentworth (SBN 334007)
nicole.wentworth@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, California 90067
Telephone:    424-239-3400
Facsimile:     424-239-3434                    <mark>Note Changes Made by Court</mark>

Attorneys for Defendant                                                    JS-6
BRINDERSON CONSTRUCTORS INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DEANDRE CULVER, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRINDERSON CONSTRUCTORS INC.; and DOES 1 to 100, inclusive,,<br><br>Defendant. | Case No. 2:26-cv-03038-JFW-Ex<br><br>[Removed from Superior Court of California, County of Los Angeles Case No. 26STCV04645]<br><br>**ORDER RE JOINT STIPULATION TO REMAND REMOVED ACTION AND TO STAY ACTION PENDING ARBITRATION** |

The Court, having reviewed the Parties' Joint Stipulation to Remand Removed Action and to Stay Action Pending Arbitration, and good cause appearing, hereby ORDERS the following:

1. The Action shall be remanded to the Los Angeles County Superior Court, Case No. 26STCV04645, to the department where it was initially assigned.

2. The Action shall be submitted to binding arbitration through AAA in accordance with the terms of the collective bargaining agreement pursuant to AAA's employment arbitration rules. True and correct copies of the relevant arbitration provision(s) as identified by the Parties are attached hereto as Exhibit "A".

DATED: April 13, 2026

By: _____
Honorable John F. Walter
U.S. District Court Judge

# EXHIBIT A

**ORDER**

every four (4) hours of work or major portion of four (4) hours.  The rest period shall be taken as close to the middle of each work period as possible.  The rest period time will be counted as hours worked. The following table identifies the number of rest periods to which employees are entitled based upon hours of work in a workday.

| HOURS OF WORK | 10-MINUTE REST BREAKS |
| --- | --- |
| 0.0 – 3.5 | 0 |
| 3.5 – 6.0 | 1 |
| 6.0 – 10.0 | 2 |
| 10.0 – 14.0 | 3 |
| 14.0 – 18.0 | 4 |

## ARTICLE V – GRIEVANCE AND ARBITRATION

(a)      Section 1: AAA Arbitration, Statutory Claims and PAGA Waiver (Lab. Code Section 2698 *et. seq.*)

The parties hereby acknowledge that it has always been understood and agreed between the parties that any dispute or grievance regarding overtime, meal periods, rest periods or any other subject matter covered by any and all wage orders issued by the State of California including Industrial Wage Order 16-2001, which covers on-site occupations in the construction, mining, drilling and logging industries, has been, and will be, processed under and in accordance with the dispute and grievance procedure set forth in the collective bargaining agreement between the parties.

The parties agree that the express incorporation of wage orders into the collective bargaining agreement may require covered employees to arbitrate, rather than litigate, claims arising under those statutes. The arbitrators hearing such statutory claims have full authority to remedy any violations in the manner provided for by the statute at issue. Covered employees are entitled to file charges with federal, state or local administrative agencies even with respect to claims that are subject to arbitration.

**PAGA WAIVER:** An arbitrator presiding over an arbitration conducted pursuant to

- 4 -

**ORDER**

this Grievance and Arbitration Procedure shall have the authority to make an award of any and all remedies otherwise available under the California Labor Code, except for an award of penalties that would be payable to the Labor and Workforce Development Agency pursuant to Labor Code Section 2698 *et seq*. commonly referred to as the Private Attorneys General Act ("PAGA").

The foregoing language, and provisions contained herein, are intended, to the fullest extent permitted by law, to **waive any employee's right to pursue any claim for penalties under PAGA** to the fullest extent permitted by law as permitted by Labor Code §2699.6. The Parties hereby expressly and unambiguously waive all provisions of PAGA that can be waived and agree that none of the provisions of PAGA apply to any of the employees covered by this Agreement. The Parties acknowledge that they intend this waiver to comply with Labor Code Section 2699.6.

Where the Union takes an employee's statutory claim to arbitration under the Grievance and Arbitration procedure in Article V: Section 1 of this Agreement, that remedy shall constitute the employee's exclusive remedy for the arbitrated claim. With regard to his/her statutory claim, the employee will be allowed to have individual representation of his/her own choosing in the arbitration with the employee bearing the cost of such individual representation.

Statutory claims that the Union does not take to arbitration, either because the employee has not requested that the Union do so or because the Union has declined a request to do so, may be pursued by the employee acting on his/her own under the

AAA Employment Arbitration Rules applicable to Company-promulgated plans ("individual arbitration procedure") and the award of the arbitrator shall be final and binding on the Company and the employee. Not withstanding any contrary provision in the AAA Employment Arbitration Rules, all costs associated with the arbitration shall be borne by

- 5 -

**ORDER**

the company. The individual filing for arbitration shall be responsible for paying an initial filing fee in the amount permitted by the AAA's fee schedule for employment/workplace disputes (Currently $350). The employee may invoke this arbitration procedure within 60 days of being notified that the Union will not take his/her statutory claim to arbitration or within the time specified by the applicable statute of limitations, whichever is later. The Union may intervene in the arbitration but may not be joined as a party without its consent unless the joinder of the Union is a mandatory and unwaivable right under applicable law The Union shall not be bound by any arbitration award where it was not a party and no such award may be cited by the Company or the Union in any other arbitration proceeding under the collective bargaining agreement.

The Company shall inform all covered employees that arbitration is the exclusive means of bringing claims under the named statutes and of their rights and obligations with respect to arbitrating such claims. In particular, the Company shall inform employees that the claims subject to the individual arbitration procedure will be processed in accordance with the AAA Employment Arbitration Rules and shall inform employees of how they may review a copy of those rules. The Company shall give each new employee notice that arbitration is the exclusive means of pursuing claims under the named statutes and of the means for invoking arbitration. In addition, the Company shall periodically give notice to all covered employees of the requirement to arbitrate certain statutory claims and the means of doing so either through the employee handbook or through other equally effective means. Failure of the Company to so notify a particular employee of his/her rights and obligations in this regard shall waive the Company's right to insist on arbitration as a defense to any lawsuit brought by an employee who has not in fact received notice.

(b)      Section 2.   Grievance Procedure

Should any controversy, dispute, or disagreement arise during the term of this Agreement, there shall be no form of economic activity by either party against the other party because of such controversy, dispute or disagreement, butthe difference shall be

- 6 -

**ORDER**

adjusted as follows:

1. The involved employee shall first attempt to resolve the issue(s) with his immediate supervisor or other representative designated by the Company, within ten (10) days of the occurrence or first knowledge thereof.

2. If the issue remains unresolved in Paragraph 1 of the above, the Union and the Company will meet to resolve the issue within ten (10) days.

3. If the issues remain unsolved under the provisions of Paragraph 2 above, written notice of the grievances shall be filed with the standing committee within ten (10) days of the meeting described in paragraph (2) above.

4. It is agreed and understood that, at least, one Company designated representative and one Union designated representative shall comprise the original standing committee. This standing committee may be enlarged upon mutual agreement by adding additional members in equal number from each party. Members of the committee shall designate their own replacements. Upon receipt of written notice from either party setting forth the nature of the dispute, the standing committee, shall within a calendar month from receipt of such written notice, attempt to reach a settlement. This committee shall interpret the intent and application of this agreement and any deadlock decision resulting from this standing committee shall be referred to arbitration.

If the matter is deadlocked after receipt of the written notice described in Paragraph 4 above, such dispute shall be referred to the Federal Mediation and Conciliation Service, American Arbitration Association, or an impartial Arbitrator, mutually accepted and agreed upon by the Company and the Union. The decision of the arbitrator upon the question in dispute shall be final and binding upon the parties hereto; however, the arbitrator shall not have the authority to change, alter, or modify any of the terms or provisions of this Agreement. If the intent or meaning of the arbitration award is disputed, such dispute shall be re-

- 7 -

**ORDER**

submitted to the arbitrator for clarification.

5.      If either party fails to abide by the decision of the arbitrator, the other party shall have the sole remedy of enforcement of the decision in a court of proper jurisdiction.

6.      The expense of the arbitration and all mutual facilities and services shall be borne equally by the Company and the Union regardless of the final ruling or outcome of the arbitration.

(c)      Section 3.  <u>Limitation:</u>

All claims shall be limited to a maximum of thirty (30) days retroactive from the date the claim is submitted to the Company in writing.

Any such grievance, claim or dispute not submitted within such time shall be waived unless both members of the standing committee, for good cause, accept such submission, or unless either party has intentionally concealed the facts upon which the grievance, claim or dispute is based.

(d)      Section 4. <u>Discharge or Suspension:</u>

The Company shall not discharge nor suspend any employee without good cause, but in respect to discharge or suspension shall give at least one (1) warning notice of the complaint against such employee in writing, a copy of same to the Union; except that no warning notice need be given to an employee before he is discharged or suspended if the cause therefore is any of the following:

a.      Dishonesty,
b.      Drinking of alcoholic beverages or drunkenness on Company time,
c.      Recklessness resulting in a serious accident,
d.      The carrying of unauthorized passengers,
e.      Selling,   transporting, use or under the  influence of illegal or controlled substances while in the employ of the Company,
f.      Unprovoked assault on anyone including employee, client, or supervisor,
g.      Insubordination,

- 8 -

**ORDER**

h.    Abuse of equipment,

i.    No call/no show for three (3) consecutive work days,

j.    Any serious violation of Company rules or regulations.

**Section 5. <u>Warning Notices:</u>**

1.    Warning notices shall not remain in effect for more than one (1) year except for major safety infractions, which shall be three (3) years from the date of the warning notice. To be considered valid, such warning notices must be issued within ten (10) days or first knowledge thereof, exclusive of Saturday, Sunday and holidays after the occurrence of the violation claimed by the Company in such warning notice.

2.    Discharge or suspension must be by proper written notice to the employee and the Union within ten (10) days or first knowledge thereof, exclusive of Saturday, Sunday and holidays of the occurrence, constituting the basis of discharge or suspension.

3.    Protests to warning notices and discharge or suspension must be made in writing to the Company within ten (10) days of receipt thereof or employee will be deemed to have waived all right to protest.

**Section 6. Employee Personnel File Review**

1.    Employees and former employees may request to make an appointment during business hours to review their personnel files in the presence of a Human Resources professional. An employee may have copies of documents that he/she has signed and/or submitted to the file.

**<u>ARTICLE VI – PROBATIONARY EMPLOYEES</u>**

Newly hired employees shall be probationary employees for their first ninety (90) days of employment and any discharges or layoffs during this period shall not be subject to the grievance and arbitration procedure.

**<u>ARTICLE VII – NO STRIKE – NO LOCKOUT</u>**

- 9 -

**ORDER**